ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 MAY 28 PM 2: 15

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:14-CR-314-D |
| HONG MINH TRUONG | |

## PLEA AGREEMENT

Hong Minh Truong, the defendant, Sam Ogan, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**:  Truong understands that he has the rights:

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:  Truong waives these rights and pleads guilty to the offenses alleged in Counts One through Five of the Superseding Indictment, charging a violation of 18 U.S.C. § 1038(a)(1), that is, False Information and Hoaxes.  Truong understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3.      **Sentence**:   The minimum and maximum penalties for each of Counts One

through Five that the Court can impose include:

   a.      imprisonment for a period not to exceed five years;

   b.      a fine not to exceed $250,000, or twice any pecuniary gain to the
           defendant or loss to the victim;

   c.      a term of supervised release of not more than 3 years, which is
           mandatory under the law and will follow any term of imprisonment.
           If Truong violates the conditions of supervised release, he could be
           imprisoned for the entire term of supervised release;

   d.      a mandatory special assessment of $100;

   e.      restitution to victims or to the community, which is mandatory under
           the law, and which Truong agrees may include restitution arising
           from all relevant conduct, not limited to that arising from the offense
           of conviction alone;

   f.      costs of incarceration and supervision; and

   g.      forfeiture of property.

4.      **Court's sentencing discretion and role of the Guidelines**:   Truong

understands that the sentences in this case will be imposed by the Court after

consideration of the United States Sentencing Guidelines.  The guidelines are not binding

on the Court, but are advisory only.  Truong has reviewed the guidelines with his

attorney, but understands no one can predict with certainty the outcome of the Court's

consideration of the guidelines in this case.  Truong will not be allowed to withdraw his

pleas if his sentences are higher than expected.  Truong fully understands that the actual

imposed (so long as they are within the statutory maximum) are solely in the discretion of the Court.

5.    **Mandatory special assessment**:    Truong agrees to pay to the U.S. District Clerk the amount of $500, in satisfaction of the mandatory special assessment in this case.

6.    **Defendant's agreement**:  Truong shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, Truong shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  Truong expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate Truong's ability to satisfy any financial obligation imposed by the Court.  Truong fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, Truong agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Truong's full and immediately enforceable financial obligation.  Truong understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7.    **Government's agreement**:  The government will not bring any additional charges against Truong based upon the conduct underlying and related to Truong's pleas of guilty.  The government will file a Supplement in this case, as is routinely done in

every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment/information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Truong or any property.

8.    **Violation of agreement**:  Truong understands that if he violates any provision of this agreement, or if his guilty pleas are vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Truong for all offenses of which it has knowledge. In such event, Truong waives any objections based upon delay in prosecution. If the pleas are vacated or withdrawn for any reason other than a finding that they were involuntary, Truong also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.    **Voluntary plea**:  These pleas of guilty are freely and voluntarily made and are not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose.

10.    **Waiver of right to appeal or otherwise challenge sentence**:  Truong waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255.  He further waives his right to seek any future reduction in his sentences (*e.g.*, based on a change in sentencing guidelines or statutory law).  Truong, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11.    **Representation of counsel**: Truong has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Truong has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Truong has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 28 day of _May_, 2015.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

HONG MINH TRUONG
Defendant

ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street, Suite 300
Dallas, Texas  75242
Telephone: 214.659.8600
Facsimile: 214.659.8805
Email:     errin.martin@usdoj.gov

SAM OGAN
Attorney for the Defendant

GARY C. TROMBLAY
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

HONG MINH TRUONG
Defendant

_____5/28/15_____
Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

SAM OGAN
Attorney for Defendant

_____5/28/15_____
Date